UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HUNG VAN NGUYEN,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>JEFFREY UTTECHT,<br><br>　　　　　　Respondent. | CASE NO. C16-1711-JCC-JPD<br><br>ORDER DENYING PETITIONER'S MOTION TO CERTIFY QUESTIONS TO THE WASHINGTON STATE SUPREME COURT |

This is a federal habeas action filed under 28 U.S.C. § 2254. Petitioner is currently incarcerated at the Coyote Ridge Corrections Center. This matter comes before the Court upon petitioner's February 27, 2017 Motion for Order Directing This Court to Certify Questions to the Washington State Supreme Court. Dkt. 49. Specifically, petitioner poses several procedural questions regarding the authority of the judges or commissioners of the Washington State Court of Appeals and Washington State Supreme Court to resolve the merits of his personal restraint petition or motion for discretionary review. *Id*. at 1.

"Washington's Federal Court Local Law Certificate Procedure Act, Wash. Rev. Code §§ 2.60.010–900, authorizes the Washington Supreme Court to accept certified questions from federal courts." *Queen Anne Park Homeowners Ass'n v. State Farm Fire & Cas. Co.,* 763 F.3d

ORDER DENYING PETITIONER'S
MOTION TO CERTIFY QUESTIONS
TO THE WASHINGTON STATE
SUPREME COURT - 1

1232, 1235 (9th Cir. 2014).  Under RCW 2.60.020, certification of a question to the Washington Supreme Court is appropriate where "it is necessary to ascertain the local law of this state in order to dispose" of a proceeding in federal court and "the local law has not been clearly determined."  Further, under Washington's Rules of Appellate Procedure 16.16,

> The Supreme Court may entertain a petition to determine a question of law certified to it under the Federal Court Local Law Certificate Procedures Act if the question of state law is one which has not been clearly determined and does not involve a question determined by reference to the United States Constitution.

Petitioner's motion to certify his procedural questions to the Washington State Supreme Court, Dkt. 49, is DENIED.  Petitioner has failed to show that "it is necessary to ascertain the local law" in order to rule on his federal habeas proceeding, or that "local law has not been clearly determined."  This Court is able to address the merits of petitioner's habeas petition and does not require the assistance of the Washington Supreme Court.  As a result, certification is not appropriate.

The Clerk of the Court is directed to arrange for electronic service of this Order upon the Attorney General of the State of Washington and petitioner.

DATED this 2nd day of March, 2017.

*James P. Donohue*
_____
JAMES P. DONOHUE
Chief United States Magistrate Judge

ORDER DENYING PETITIONER'S
MOTION TO CERTIFY QUESTIONS
TO THE WASHINGTON STATE
SUPREME COURT - 2