THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HUNG VAN NGUYEN,<br><br>        Petitioner,<br><br>        v.<br><br>JEFFREY UTTECHT,<br><br>        Respondent. | CASE NO. C16-1711-JCC-JPD<br><br>ORDER |

This matter comes before the Court on Petitioner Hung Van Nguyen's objections (Dkt. No. 43) to the order by the Honorable James P. Donohue, United States Magistrate Judge (Dkt. No. 38) denying Nguyen's motion for judgment on the pleadings (Dkt. No. 25). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby OVERRULES the objections (Dkt. No. 43) for the reasons explained herein.

I.  **BACKGROUND**

Petitioner Hung Van Nguyen filed his *pro se* habeas petition on November 8, 2016. (Dkt. No. 12.) That day, Judge Donohue directed e-service of the petition on Respondent Jeffrey Uttecht. (Dkt. No. 11 at 1.) Uttecht failed to timely respond. (Dkt. No. 38 at 1-2.) On January 6, Judge Donohue issued an order directing Uttecht to show cause why Nguyen's petition should not be granted. (Dkt. No. 23 at 1-2.)

On January 9, Nguyen moved for judgment on the pleadings based on Uttecht's failure to timely respond. (Dkt. No. 25 at 1.) Nguyen argued that, per Rule 5 of the Rules Governing Section 2254 Cases in United States District Courts, Uttecht was required to respond within 45 days after service. (*Id.*) Nguyen also challenged the order to show cause. (Dkt. No. 27.) He complained that Judge Donohue "show[ed] favoritism to Respondent by allowing Respondent to file an 'untimely' Answer under the guise of a Show Cause Order." (*Id.* at 2.)

On January 25, Uttecht responded to the order to show cause, explaining that he did not receive service of the petition until that month. (Dkt. No. 28 at 1.) According to Uttecht, although the Court ordered service on November 8, 2016, the initial attempt at e-service failed because the document was too large. (*Id.* at 2.) The Clerk then made a second attempt to serve the petition, this time through 14 separate e-mails. (*Id.*) The e-mails did not "bounce back," so it appeared that service had been completed. (*Id.*) However, the Attorney General's office had no record of ever having received the files; Uttecht hypothesized that the e-mails might have been tagged as spam. (*Id.*) Ultimately, service was not actually completed until January 2017, when the Court ordered service by certified mail pursuant to the order to show cause. (*Id.*; *see also* Dkt. No. 23 at 2.) Accompanying Uttecht's response was a sworn declaration from his attorney declaring the relevant facts under penalty of perjury. (Dkt. No. 29 at 1-2.)

Uttecht also filed his answer and accompanying documents on January 25. (Dkt. No. 30.)

On February 7, Nguyen moved for an order to show cause asking Uttecht to submit proof to corroborate his claim that the Attorney General's office was unaware of the petition until January. (Dkt. No. 37 at 1.)

On February 9, Judge Donohue denied Nguyen's motion for judgment on the pleadings and motion for order to show cause. (Dkt. No. 38.) Judge Donohue explained that Uttecht submitted proof of his claims when his attorney "represented, under penalty of perjury, that the [Attorney General's] office did not receive service of the petition until January 2017." (*Id.* at 2.) Judge Donohue further acknowledged that prisoner e-filing is relatively new and the process is

still being refined. (*Id.*) The Court thus accepted Uttecht's response to the petition as timely filed and denied Nguyen's motions. (*Id.* at 3.)

Nguyen objects to the order, arguing that Judge Donohue showed favoritism to Uttecht; that Uttecht should be held to the service requirements; and that Uttecht should be ordered to present evidence to support his claims. (Dkt. No. 43 at 1, 2, 4.)

## II. DISCUSSION

### A. Standard of Review

A district court judge may designate a magistrate judge to hear and determine a non-dispositive pretrial matter. *See* 28 U.S.C. § 636(b)(1)(A). The district court may reconsider a magistrate judge's decision on a pretrial matter where it has been shown that the decision is clearly erroneous or is contrary to law. *Id.*

### B. Analysis

Nguyen first alleges that Judge Donohue exhibited favoritism towards Uttecht by allowing him to file an untimely response. (Dkt. No. 43 at 1.) Nguyen asserts that this favoritism is due to the fact that Judge Donohue and Uttecht's counsel "are personal friends and have worked together for many years." (*Id.* at 1-2.) However, Uttecht's counsel denies this assertion, (Dkt. No. 46 at 2), and Nguyen presents no evidence to the contrary. Further, it is common practice for judges to forgive filing deadlines if good cause is shown, as it was here. The fact that Judge Donohue accepted Uttecht's response as timely, without more, fails to show any bias.

Nguyen further asserts that Rule 5 is mandatory and therefore Uttecht was compelled to respond within the 45-day window. (Dkt. No. 43 at 2.) But, as established by Uttecht's response to the order to show cause, service was not actually effected until early January, meaning Uttecht's January 25 answer was within that window. (*See* Dkt. Nos. 29, 30.) Even if Uttecht had failed to respond, Nguyen would not be entitled to habeas relief simply based on this fact. *See Gordan v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment."). Nguyen must

still show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970).

Nguyen also argues that, because Uttecht is familiar with timeliness requirements and the e-filing system, he should not be given the benefit of the doubt. (Dkt. No. 43 at 2.) The Court disagrees with this characterization. This is not a case where Uttecht misunderstood his deadline or misused the system. Rather, the uncontroverted facts show that Uttecht was not aware the petition existed until January. (*See generally* Dkt. No. 29.) Uttecht's familiarity with the process is thus irrelevant to his failure to answer the petition earlier.

Finally, Nguyen demands that Uttecht indicate the precise date in January that he received Nguyen's petition and provide affidavits from the employees who designated the e-mails as spam. (*Id.* at 4.) Because Uttecht's attorney's sworn declaration adequately explains the delay in filing, and because Nguyen offers no reason to distrust that declaration, the Court accepts it as true and declines to order that additional evidence be presented.[1]

## III.   CONCLUSION

For the foregoing reasons, Nguyen's objections (Dkt. No. 43) are OVERRULED. The Clerk is DIRECTED to send a copy of this order to Nguyen and to Judge Donohue.

//
//
//
//

---

[1] Nor does the Court perceive any usefulness in the requested information. The order to show cause and petition were sent by certified mail on January 6, meaning the Court can assume it was received by Uttecht sometime shortly after. (*See* Dkt. No. 23.) Uttecht's answer was filed that same month, meaning it was well within 45 days after receipt of the certified mailing. (Dkt. No. 30.) And Uttecht's counsel did not affirm that the spam scenario in fact occurred; rather, he offered it as a possible explanation. (*See* Dkt. No. 29 at 1-2.) Further, he did not suggest that a person destroyed the e-mails, but that "the spam filter in WA Tech's servers may have intercepted the e-mails as spam." (Dkt. No. 46 at 3.) In other words, it was the computer system, not an individual, that may have been at fault.

DATED this 30th day of March, 2017.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 5