THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HUNG VAN NGUYEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JEFFREY UTTECHT,<br><br>　　　　　Defendant. | CASE NO. C16-1711-JCC-JPD<br><br>ORDER OVERRULING<br>PETITIONER'S OBJECTION |

This matter comes before the Court on Petitioner Hung Van Nguyen's objection (Dkt. No. 56) to the order by the Honorable James P. Donohue, United States Magistrate Judge (Dkt. No. 52) denying Nguyen's motion to certify questions to the Washington Supreme Court (Dkt. No. 49). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby OVERRULES the objection (Dkt. No. 56) for the reasons explained herein.

**I.　　BACKGROUND**

Petitioner Hung Van Nguyen moved to certify to the Washington Supreme Court two questions regarding Washington law: (1) can a single Chief Judge on the Washington Court of Appeals " 'address the merits' of a non-frivolous personal restraint petition?" and (2) can the Washington Supreme Court Commissioner " 'address the merits' of a Motion for Discretionary Review?" (Dkt. No. 49 at 1.) These questions were seemingly motivated by Nguyen's concern

that such orders were not adjudications "on the merits" and thus did not direct Judge Donohue's eventual ruling on the merits of Nguyen's habeas petition. (*See* Dkt. No. 56 at 1–2) ("The Magistrates of this Court have been improperly relying on the Orders of the Acting Chief Judge of the Washington Court of Appeals."); *see also Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005) (recognizing that a federal court may not grant habeas relief for "any claim that was *adjudicated on the merits* in State court proceedings . . . ." (emphasis added)). Nguyen appears to argue that, under Washington law, a lone judge on the Washington Court of Appeals cannot "address the merits" of Nguyen's claim by issuing a unilateral order. (Dkt. No. 56 at 1.) Thus, Nguyen argues that the Court should not consider the order when reviewing the merits of Nguyen's habeas petition. (*Id.* at 5–6.) Nguyen requested certification to resolve a perceived conflict with state precedent. (*Id.* at 2.)

On review, Judge Donohue declined to certify the questions, ruling that Nguyen failed to meet the requirements for certification under Washington law. (Dkt. No. 52 at 2.) Furthermore, Judge Donohue determined that "[t]his Court is able to address the merits of [Nguyen's] habeas petition and does not require the assistance of the Washington Supreme Court." (*Id.*) Nguyen objects to Judge Donohue's refusal to certify the questions. (*See generally* Dkt. No. 56.) Nguyen argues that Washington law entitles Nguyen to consideration of his questions for review by the Washington Supreme Court. (*Id.* at 4–5.)

## II.   DISCUSSION

### A.   Legal Standard

A district court judge may designate a magistrate judge to hear and determine a non-dispositive pretrial matter. *See* 28 U.S.C. § 636(b)(1)(A). The district court may reconsider a magistrate judge's decision on a pretrial matter where it has been shown that the decision is clearly erroneous or is contrary to law. *Id.* The Court here considers Judge Donohue's decision declining to certify questions to the Washington Supreme Court.

The standard for certification to the Washington Supreme Court is as follows:

> When in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may certify to the supreme court for answer the question of local law involved and the supreme court shall render its opinion in answer thereto.

Wash. Rev. Code § 2.60.020. Federal courts have broad discretion when determining whether it is "necessary to ascertain the local law" for certification in Washington. *See Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008).

### B.   Washington Law Does Not Require Certification In This Case

Judge Donohue found that neither requirement for certification had been met and it was thus inappropriate to certify Nguyen's questions to the Washington Supreme Court when "this Court . . . [did] not require the assistance of the Washington Supreme Court." (Dkt. No. 52 at 2.) However, Nguyen believes that *In re Personal Restraint of Khan*, 363 P.3d 577 (Wash. 2015), entitles him to certification. (Dkt. No. 56 at 2.)

In *Khan*, the Washington Supreme Court read the state appellate procedural rules to prohibit a lone appellate judge from dismissing a personal restraint petition without finding frivolity. 363 P.3d at 579. When a lone judge dismissed a non-frivolous petition, the Supreme Court found the appropriate remedy was "consideration of [the petitioner's] motion for discretionary review." *Id.* at 581. Nguyen argues that his petition was non-frivolous and thus *Khan* entitles him to certification to the Supreme Court to prevent "Magistrates of this Court [from] improperly relying" on orders by a lone judge. (Dkt. No. 56 at 1–2.)

However, *Khan* does not demand this Court certify anything. A motion for discretionary review is fundamentally different from certification. A motion for discretionary review remedied the error in *Khan*, because it gave the Washington Supreme Court an opportunity to *review the claim on the merits*. 363 P.3d at 579–81. However, certification addresses *what the law is*, distinct from the merits of a particular petition. *See* Wash. Rev. Code § 2.60.020 ("When . . . it is necessary to ascertain the local law . . . such federal court may certify . . . .").

ORDER OVERRULING PETITIONER'S
OBJECTION
PAGE - 3

1  While Nguyen facially asks for a determination of the law, his request amounts to a de
2  facto review of the merits of his personal restraint petition in state court. (*See* Dkt. No. 56 at 1–
3  2.) Nguyen apparently believes that his petition was dismissed in error by the state appellate
4  court. (*See* Dkt. No. 56 at 4.) To comply with Nguyen's request, the Court would first have to
5  assume that his petition was in-fact not frivolous, thereby rendering it "necessary" to "ascertain"
6  the law in accordance with that assumption. *See* Wash Rev. Code § 2.60.020; (Dkt. No. 56 at 2–
7  3). That is not the Court's role here. Nguyen has not demonstrated that Judge Donohue's
8  decision not to certify was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). If
9  Nguyen desires review of the merits of his state petition, his remedial vehicle is a motion for
10 discretionary review. *Khan*, 363 P.3d at 581.

## III.   CONCLUSION

For the foregoing reasons, Nguyen's objection (Dkt. No. 56) is OVERRULED. The Clerk is DIRECTED to send a copy of this order to Nguyen and to Judge Donohue.

DATED this 10th day of April, 2017.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE