UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HUNG VAN NGUYEN,<br><br>       Petitioner,<br><br>  v.<br><br>JEFFREY UTTECHT,<br><br>       Respondent. | Case No. C16-1711-JCC-JPD<br><br>ORDER STRIKING ANSWER AND DIRECTING RESPONDENT TO SUPPLEMENT THE RECORD |

  This is a federal habeas action filed under 28 U.S.C. § 2254. Petitioner's federal habeas petition is currently ripe for consideration. This Court has now reviewed all of the briefing of the parties as well as the state court record submitted by respondent in conjunction with his answer to the petition. Absent from the state court record are copies of the transcript of petitioner's trial and the trial court's instructions to the jury. It appears that these materials are necessary to this Court's resolution of petitioner's federal habeas claims. Accordingly, the Court hereby ORDERS as follows:

  (1) Respondent shall submit to the Court, not later than **Friday, April 28, 2017**, copies of the transcript of petitioner's trial and of the trial court's instructions to

ORDER - 1

the jury.  Petitioner's federal habeas petition is **RE-NOTED** on the Court's calendar for consideration on that date.

(2)  In addition, the Court STRIKES respondent's Answer to the habeas petition, Dkt. 30, as the brief does not cite to the trial transcript and therefore does not sufficiently respond to petitioner's claims.  This is particularly true with respect to petitioner's ineffective assistance of counsel claims raised in Grounds 2, 5 and 9, and his prosecutorial misconduct claim raised in Ground 3.  Respondent shall re-submit the Answer by no later than **Friday, April 28, 2017**, with a more thorough – and less conclusory – analysis with respect to each of petitioner's habeas claims.  Respondent's Answer shall include adequate citations to the trial transcript and other relevant exhibits.

(3)  With respect to petitioner's final habeas claims (Grounds 6 and 7), respondent's brief does not explain how the sentencing enhancement for a firearm differed from that for use of a deadly weapon.  Respondent should more thoroughly explain his argument that petitioner was not prejudiced by the imposition of a deadly weapon enhancement when petitioner was charged with a firearm enhancement.  Respondent is also directed to provide the deadly weapon special verdict instructions that were submitted to the jury relevant to petitioner's claims.

(4)  The Clerk is directed to send copies of this Order to petitioner, to counsel for respondent, and to the Honorable John C. Coughenour.

DATED this 13th day of April, 2017.

JAMES P. DONOHUE
Chief United States Magistrate Judge

ORDER - 2