THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HUNG VAN NGUYEN,

           Petitioner,

    v.

JEFFREY UTTECHT,

           Respondent.

CASE NO. C16-1711-JCC

ORDER ADOPTING REPORT
AND RECOMMENDATION

This matter comes before the Court on Magistrate Judge James P. Donohue's report and recommendation (Dkt. No. 91) on Petitioner Hung Van Nguyen's petition for writ of habeas corpus (Dkt. No. 12), motion to declare AEDPA unconstitutional as applied to state prisoners (Dkt. No. 58), motion to stay proceedings (Dkt. No. 76), motion to compel Respondent to supplement the record (Dkt. No. 78), and motion for an order to show cause (Dkt. No. 83). Having thoroughly considered the report and recommendation, Defendant's objections, and the relevant record, the Court hereby OVERRULES Nguyen's objections and ADOPTS the report and recommendation in its entirety for the reasons explained herein.

I.     BACKGROUND

Hung Van Nguyen seeks federal habeas review of his Washington state convictions for first degree assault while armed with a deadly weapon. (*See* Dkt. No. 12.) Nguyen's conviction

ORDER ADOPTING REPORT AND
RECOMMENDATION
C16-1711-JCC
PAGE - 1

arose out of a 1996 shooting where two cars blocked in two other vehicles, and two passengers got out of the cars and started shooting at the blocked-in vehicles. (Dkt. No. 33-2.) Nguyen was identified as one of two shooters, was arrested, and was charged with three counts of first degree assault while armed with a firearm. (*Id.*) Nguyen fled the jurisdiction before his guilty verdict was read, and was sentenced in 2004 when he was found and arrested in California. (*Id.*) The court imposed consecutive sentences and firearm enhancements because the crimes involved different victims. (*Id.*) The Washington Court of Appeals affirmed the conviction, but remanded to the trial court for a reduction of the firearm enhancements to deadly weapon enhancements (down to two years from five) due to a sentencing error. (Dkt. No. 91 at 3.) Nguyen unsuccessfully appealed this revised judgment and sentence and denial of his post-judgment motion to the Washington Court of Appeals and Supreme Court. (Dkt. Nos. 33-23–33-30, 33-44.) The Court of Appeals then considered and denied several post-appeal collateral challenges consolidated as a personal restraint petition ("PRP"). (Dkt. No. 33-35.) The Washington Supreme Court denied discretionary review. (Dkt. No. 33-37.) In 2016, the Washington Court of Appeals and Supreme Court denied Nguyen's second PRP as untimely. (Dkt. Nos. 33-39, 91 at 5.) Nguyen subsequently filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, incorporating claims from his prior direct appeal and first PRP. (Dkt. No. 12.) On July 21, 2017, Magistrate Judge James P. Donohue issued a report and recommendation denying each of Nguyen's grounds for relief, and denying him a certificate of appealability. (Dkt. No. 91 at 43.) Nguyen made the following objections to Judge Donohue's findings:

1. Nguyen argues that Judge Donohue unreasonably disregarded material portions of the state record.

2. Nguyen claims that the report and recommendation misstates and misrepresents learly established federal law on sentencing.

3. Nguyen asserts that the report and recommendation wrongly relies on the Washington Court of Appeals decision on his consolidated PRP, which is not an adjudication on the merits. He objects that because there is no state court adjudication on the merits for his claims two through eleven, this court must review these claims *de novo*.

4. Nguyen raises additional arguments that merely recast claims in his habeas petition.

The Court has reviewed Judge Donohue's report, and, except for the findings to which Nguyen objects, adopts it without further discussion. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). The Court responds to Nguyen's objections in detail below.

## II. DISCUSSION

### A. Standard of Review

A district judge reviews objections to a magistrate judge's report and recommendation de novo. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.*

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas court may grant relief to a prisoner on claims adjudicated on the merits in state court only if: (1) the state court's decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court, or (2) the decision was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). A federal habeas court may overturn a state court's determination only if it is "objectively unreasonable" and so erroneous that "there is no possibility fair minded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Lockyer v. Andrade*, 538 U.S. 63, 69 (2003); *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

### B. Judge Donohue Sufficiently Reviewed the State Court Record

Nguyen "objects to the Magistrate's Report and Recommendation in its entirety," on the basis that Judge Donohue reviewed only portions of the state court record pertaining to Nguyen's 1996 trial and ignored new evidence that came to light in co-defendant Lam Hong Giang's 2001

trial. (Dkt. No. 92 at 10.) This Court finds no evidence that Judge Donohue did not review all evidence in the state court record. Nguyen repeats an issue raised in his prior motion to compel (Dkt. No. 78), complaining that Respondent did not submit to the court relevant state court documents from Giang's 2001 trial. (Dkt. No. 92 at 2.) However, as Judge Donohue pointed out upon denying this motion, the exhibits at issue were included in the record by Nguyen himself in docket entries 2–7. (Dkt. No. 91 at 42.) Respondent made it clear that he did not include these records so as not to duplicate voluminous submissions. (Dkt. No. 81 at 2.)

Judge Donohue was apprised of these records, and it is apparent from his analysis and citation that he reviewed and addressed their content in his report and recommendation. (*See* Dkt. No. 91 at 31-32) (reviewing statements by victim Tony Che that came to light in the 2001 trial and concluding that "Petitioner's contention is based upon an erroneous view of Mr. Che's statements," which, when read in context, are not exculpatory); (Dkt. No. 91 at 18, fn. 4) (reviewing Washington Court of Appeals' and Supreme Court's rejection of Nguyen's argument that newly-discovered witness statements were exculpatory). Judge Donohue reviewed the relevant record and similarly determined that statements revealed in the 2001 trial identified an individual other than Nguyen "as being with the shooters, not as being one of the two shooters," as Nguyen represents. (Dkt. No. 91 at 18, fn. 4.) State court interpretation of these statements was not "unreasonable . . . in light of the evidence presented." *See* 28 U.S.C. § 2254(d).

**C.     The Sentencing Court Did Not Violate Nguyen's Right to a Jury**

Nguyen reasserts his claim that his constitutional right to a jury was compromised when the judge, rather than the jury, determined that his convictions represented "separate and distinct" crimes" subject to consecutively-running sentences. (Dkt. No. 92 at 11–12) (citing to *Apprendi v. New Jersey*, 530 U.S. 466 (2000).) Nguyen misreads Supreme Court precedent on this issue. (*See* Dkt. No. 82 at 13.)

In reviewing a habeas claim, a court looks to "clearly established federal law" at the time of the state court decision. *Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011). As Judge

Donohue notes, the Supreme Court has addressed this exact situation. *See Oregon v. Ice*, 555 U.S. 160, 160 (2009) (holding that "the Sixth Amendment does not inhibit States from assigning to Judges, rather than to juries, finding of facts necessary to imposition of consecutive, rather than concurrent, sentences for multiple offenses"). The state Court of Appeals addressed Nguyen's claims in 2014, making *Ice* "clearly established federal law" here. The state court reasonably rejected Nguyen's argument.

### D. State Court Review Represented "Adjudications on the Merits" under AEDPA

Nguyen objects that Judge Donohue relied on the wrong state court decision and applied the wrong standard of review in addressing his claims two through eleven. He argues that the Court of Appeals decision on his consolidated PRP—out of which these claims arise—is not a proper state court decision on the merits for purposes of habeas review because it was issued by a lone judge. (Dkt. No. 92 at 13.) He further contends that the Washington Supreme Court order denying review of his PRP is the relevant decision on the merits, but is unreasonably short in light of the volume of evidence presented. (*Id*. at 14, 15.) Thus, according to Nguyen, state courts have not addressed the merits of these claims and this court must review them *de novo*. (Dkt. No 92 at 15.) This Court disagrees.

#### 1. State Court Review of Nguyen's Personal Restraint Petition

A lone Chief Judge may consider and dismiss a PRP only if she determines that issues presented therein are frivolous. *See In re Khan*, 363 P.3d 577 (2015) (interpreting Wash. R. App. P. 16.11); *see also In re Caldelis*, 385 P.3d 135, 135 (2017). Non-frivolous claims must be referred to a panel of judges for consideration on the merits. *In re Caldelis*, 385 P.3d at 140. Here, the Acting Chief Judge on the Court of Appeals dismissed all claims contained in Nguyen's PRP without referral. (Dkt. No. 33-35 at 12.) The Washington Supreme Court found the Judge erred in not referring four non-frivolous claims to a panel for review. (Dkt. No. 33-37 at 1.) However, the Supreme Court concluded Nguyen's non-frivolous claims were meritless.

(*Id.*); *see also Khan*, 363 P.3d at 581 (consideration on the merits by the Supreme Court is an appropriate remedy for erroneous dismissal of non-frivolous claims by the Chief Judge of the Court of Appeals.) The Court of Appeals decision became final upon the Supreme Court's denial of review. (Dkt. No. 33-38.)

2. Federal Court Review of State Court Decisions

A court deciding a habeas petition under 28 U.S.C. 2254(d) reviews the last state court decision that is "an adjudication on the merits." *Barker v. Fleming*, 432 F.3d 1085, 1092 (9th Cir. 2005). State court decisions that have not "adjudicated [claims] on the merits" are subject to the pre-AEDPA *de novo* standard of review." *See Washington v. Schriver*, 25 F.3d 45, 55 (2nd Cir. 2001). Whether the Court of Appeals decision is "an adjudication on the merits" is not a state law question, as Nguyen's argument suggests, but a federal one, and the Acting Chief Judge's lone dismissal of Nguyen's claims does not necessarily preclude resolution of those claims from being an "adjudication on [their] merits."

The Ninth Circuit has held that "adjudication on the merits" under AEDPA requires that a petition was "either granted or denied . . . on substantive rather than procedural grounds." *Lambert v. Blodgett,* 393 F.3d 943, 966 (9th Cir. 2004). For example, a state Supreme Court decision denying review of a PRP can be an "adjudication on the merits" if it is "reasoned and discusses the merits." *Barker*, 432 F.3d at 1092. Conversely, where the state court "provides no reasoning to support its ['decision on the merits']," the district court must "independently review the record." *Stanley v. Cullen*, 633 F.3d 852, 859-60 (9th Cir. 2011). De novo review is appropriate where "it is clear that the state court has not decided an issue." *Id*. at 860. "When more than one state courts has adjudicated a claim, [the Court analyzes] the last reasoned decision." *Barker*, 393 F.3d at 1091-92.

Here, the Court of Appeals issued a "lengthy and reasoned decision" on substantive grounds, dismissing claims contained in Nguyen's PRP as frivolous. (*See* Dkt. Nos. 91 at 5; 33-35.) The Supreme Court then discussed the substance of the four claims it determined to be non-

frivolous. (Dkt. No. 33-37.) These decisions are distinct from the case Nguyen references in support of his position, in which the state court denied petitioner's habeas petition stating only that some claims were bared as untimely and others "denied on the merits." *Stanley*, 633 F.3d at 859–60. Therefore, for purposes of this Court's review, the Supreme Court order is the relevant state adjudication of Nguyen's non-frivolous claims (Dkt. No. 33-37), while the Court of Appeals order is the relevant adjudication for his frivolous claims (Dkt. No. 33-35). Judge Donohue properly considered each state court decision where relevant[1] and engaged in substantial additional independent review of the record. (*See* Dkt. No. 91 14–39).

Finally, there is no merit to Nguyen's argument that the length of the state Supreme Court order made it an "unreasonable determination of the facts in light of the evidence presented in the state court proceedings." (Dkt. No. 92 at 14.) This threshold measures substance, not volume of evidence presented and the state court enjoys a "presumption of correctness" that must be rebutted by "clear and convincing evidence." *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005). Nguyen has not met this burden.

### E. Other Arguments Raised in Objections

Nguyen raises a handful of other arguments that merely recast claims made in his habeas petition (Dkt. No. 12).

#### 1. Jury Instruction on Accomplice Testimony

First, Nguyen argues he was denied due process rights during his initial trial because the jury was not given a cautionary instruction regarding testimony of an accomplice. (Dkt. No. 92 at 9); *see* Testimony of Accomplice, 11 Wash. Prac., Pattern Jury Instr. Crim. WPIC 6.05 (4th Ed).. But this instruction is not required unless the prosecution relies solely upon uncorroborated testimony of an accomplice. *See State v. Willoughby*, 630 P.2d 1387, 1390 (1981). Here, the

---

[1] Where the report and recommendation discusses both Court of Appeals and Supreme Court decisions, review of both records is not in error because the Supreme Court denial implicitly incorporates the reasoning of the prior decision. *See Barker*, 432 F.3d at 1091.

1 Court of Appeals reasonably found this instruction was not mandatory because the prosecution's case did not rely solely on uncorroborated testimony of Nguyen's co-defendant. (Dkt. No. 33-35 at 9.) Therefore, Nguyen had no constitutional right to the instruction. Judge Donohue properly rejected his ineffective assistance of counsel claim based on this argument, and Nguyen's due process claim similarly fails. (*See* Dkt. No. 91 at 20.)

2. Evidentiary Hearing

Nguyen also argues he should be given a hearing on new evidence that came to light in Giang's 2001 trial. (Dkt. No. 92 at 9.) "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

Nguyen argues that that the Court should hold an evidentiary hearing to consider notes from investigator interviews with state witnesses prior to Giang's 2001 trial. (Dkt. No. 92 at 2.) Nguyen cites Giang's attorney's statement during the 2001 trial that three witnesses "gave 'different stories'" in pre-trial interviews than in their testimony at Nguyen's trial. (*Id.*) (quoting Dkt. No. 33-31, App. 77 at 54-55.) Nguyen argues this evidence is exculpatory, but does not indicate the contents of the interview notes or how they would prove factual allegations in his petition upon which relief could be granted. The state court's decision not to grant Nguyen a hearing was not unreasonable. *See Schriro*, 550 U.S. at 474 (AEDPA standards apply to a federal court's decision on whether an evidentiary hearing is appropriate). This evidence would not impact the Court's legal analysis or conclusions on the claims presently before it. Judge Donohue properly denied Nguyen's motion for an evidentiary hearing. (Dkt. No. 91 at 39.)

## III. CONCLUSION

For the foregoing reasons, the Court OVERRULES Nguyen's objections and ADOPTS Judge Donohue's report and recommendation (Dkt. No. 92). Nguyen's petition for writ of habeas corpus (Dkt. No. 12) and miscellaneous motions (Dkt. Nos. 58, 76, 78, 83) are DENIED.

DATED this 2nd day of November 2017.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER ADOPTING REPORT AND
RECOMMENDATION
C16-1711-JCC
PAGE - 9